UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SIDNEY KEYS,<br><br>    Defendant. | Case No. 24-cv-07188-LJC<br><br>**ORDER TO SHOW CAUSE WHY MOTION FOR DEFAULT JUDGMENT SHOULD NOT BE DENIED AND DEFAULT SHOULD NOT BE SET ASIDE**<br><br>Re: Dkt. Nos. 16, 21 |

## I. INTRODUCTION

Plaintiffs' Motion for Default Judgment (ECF No. 21) is currently pending before the Court. As discussed below, the Court has identified two issues that warrant further evidentiary filings and/or briefing. First, it is not clear that Plaintiffs properly served process on Defendant Sidney Keys, raising questions as to both whether Plaintiffs' Motion should be denied and whether Keys's default should be set aside. Second, a set of collections procedures on which Plaintiffs rely has an ambiguous title and pervasive redactions, which raise a question of whether they Court can rely on that document in resolving Plaintiffs' Motion. Plaintiffs are therefore ORDERED TO SHOW CAUSE why the Motion for Default Judgment should not be denied and why Keys's default should not be set aside, by filing response no later than August 8, 2025. The hearing previously set for July 29, 2025 is CONTINUED to September 9, 2025 at 10:30 AM in Courtroom G.

## II. SERVICE OF PROCESS

As a threshold issue before Plaintiffs' pending Motion for Default Judgment (ECF No. 21) can be granted, the Court must determine that service of process was proper. *See, e.g.*, *Bank of the W. v. RMA Lumber Inc.*, No. C 07-06469 JSW, 2008 WL 2474650, at *2 (N.D. Cal. June 17,

1    2008). Service must comply with Rule 4 of the Federal Rules of Civil Procedure, which

2    authorizes service either through several means specifically listed or in any manner allowed by

3    state law. *See* Fed. R. Civ. P. 4(e). There is some indication here that Defendant Sidney Keys is

4    aware of this action, *see* ECF No. 21-5, ¶ 18 (noting a voicemail that Keys left Plaintiffs' counsel

5    about a rescheduled case management conference),

6        Plaintiffs' certificate of service indicates that they served Defendant Sidney Keys through

7    substitute service by leaving copies of the summons, complaint, and other documents with Keys's

8    brother "John Doe" at 441 Lexington Drive, Vallejo, California—purportedly Keys's "Residence

9    or Usual Place of Abode"—and subsequently mailing documents to the same address. ECF No.

10   11. Under the Federal Rules of Civil Procedure, "leaving a copy of [the summons and complaint]

11   at the individual's dwelling or usual place of abode with someone of suitable age and discretion

12   who resides there" constitutes effective service. Fed. R. Civ. P. 4(e)(2)(B). The process server's

13   declaration lists Doe's age as "50's" and checks a box indicating that he was "a person of suitable

14   age and discretion who resides there." ECF No. 11. In the absence of evidence to the contrary,

15   and taking into account the note that Doe is Keys's brother (which implies that the process server

16   spoke to Doe, as would likely be necessary to determine that Doe resided there), the Court finds

17   the proof of service sufficient to establish valid service under Rule 4(e)(2)(B)—but only if the

18   Lexington Drive address where service occurred was in fact also *Keys's* residence.

19        The Court has identified no evidence in the docket to support that conclusion. Plaintiffs'

20   Complaint says nothing about Keys's residence, describing him (and his sole proprietorship trade

21   name) only as an "employers." Compl. (ECF No. 1) ¶ 2. Neither the certificate of service nor

22   Plaintiffs' request for entry of default discusses how Plaintiffs determined Keys's address. ECF

23   Nos. 11, 13. Plaintiffs' present Motion for Default Judgment also does not discuss that issue.

24   ECF No. 21. An agreement signed by Keys submitted with that Motion lists an address for his

25   business in Oakland, not the Lexington Drive address in Vallejo. ECF No. 21-2 at 41. A letter

26   that Plaintiffs' accountants sent to Defendants also lists the Oakland address. ECF No 21-4 at 2.

27   Plaintiffs submit a contractor's license record for Keys's sole proprietorship, Keys Painting &

28   Decorating, which lists the Vallejo address where Plaintiffs completed service, but there is no

indication from that page that the address is Keys's residence. ECF No. 21-6 at 2. Correspondence sent by Plaintiffs' counsel includes both addresses, but again, there is no indication of if or how Plaintiffs determined that the Vallejo address was Keys's residence. ECF No 21-6 at 13, 15, 16, 19, 22. Accordingly, the Court cannot determine from the present record whether service was effective under Rule 4(e)(2)(B), because it is not clear that the address where service occurred was Keys's "dwelling or usual place of abode." *See* Fed. R. Civ. P. 4(e)(2)(B).

California law, which is incorporated by Rule 4(e)(1) as providing alternative sufficient methods of service, allows for a similar form of substitute service "by leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household" and "thereafter mailing a copy of the summons and of the complaint" to the person to be served at the same address, but only if personal service cannot be completed "with reasonable diligence." Cal. Civ. Proc. Code § 415.20(b). The certificate of service here includes a checked box indicating that a "(Declaration of Diligence) [is] attached stating actions taken first to attempt personal service." ECF No. 11. No such declaration appears in the docket. If Plaintiffs wish to rely on Rule 4(e)(1) and section 415.20 (as opposed to Rule 4(e)(2)(B), which does not include a requirement to attempt personal service), they must provide evidence of reasonable diligence, in addition to explaining how they determined that the address at issue is Keys's residence.

Plaintiffs are therefore ORDERED TO SHOW CAUSE why their Motion for Default Judgment should not be denied for failure to establish effective service of process, and why Keys's default should not be set aside for the same reason.

### III. COLLECTION PROCEDURES

Plaintiffs rely in part on a partially redacted document setting forth their collection procedures. As discussed below, Plaintiffs are ORDERED TO SHOW CAUSE why the Court should not disregard the collections procedures due to the ambiguous title of the document and pervasive redactions to it.

The title of the collections procedures document reads as "*Restated* Collection Procedures for Bari:ainini: Unit Employees." ECF No. 21-6 at 25. It is not clear what "Bari:ainini: Unit"

means, or if that "Unit" encompasses the employees at issue here.[1]  Plaintiffs are directed to file a response to this Order addressing that title.

The redactions to the collections procedures, which include some provisions within the specific sections of the procedures on which Plaintiffs rely, raise questions as to whether relevant information has been obscured.  As this Court has previously ordered in another case involving the same plaintiffs (represented by the same law firm), "Plaintiffs must file an unredacted version of the Collection Procedures.  Plaintiffs may file an administrative motion to file that document under seal if they believe there are compelling reasons to prevent public disclosure of the currently redacted paragraphs."  *Dist. Council 16 N. Cal. Health & Welfare Tr. Fund v. Masterpiece Painting, Inc.*, No. 22-cv-06540-HSG (LJC), 2024 WL 735658, at *3 (N.D. Cal. Feb. 22, 2024).

**IT IS SO ORDERED.**

Dated: July 25, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge

---

[1] That term might be the result of a typographical or technological error.  The Court notes that "Bari:ainini:" would, much more sensibly, read as "Bargaining" if the two instances of "i:" were replaced with the letter G.  If so, however, some explanation is warranted to confirm that theory and ensure that this document is applicable to this case, particularly when Plaintiffs will need to file supplemental materials anyway to address the other concerns identified in this Order to Show Cause.

4